**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Eva Moreno Martinez, Maria Guadalupe Moreno-Martinez, Mayra K. Ponce Velazquez, Julieta Quintano, on behalf of themselves and all other similarly situated persons, known and unknown, Plaintiffs<br>v.<br>Sayulita, Inc., d/b/a Las Islas Marias, Andres E. Mendivil, individually, Defendants | JURY DEMANDED |

**COMPLAINT**

NOW COMES Eva Moreno Martinez, Maria Guadalupe Moreno-Martinez, Mayra K. Ponce Velazquez, and Julieta Quintano, on behalf of themselves and all other similarly situated persons, known and unknown ("Plaintiffs"), through counsel, and for their Complaint against Sayulita, Inc., d/b/a Las Islas Marias and Andres E. Mendivil, individually, ("Defendants"), state:

**INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week. Plaintiff also seeks redress under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to compensate them for all time worked and wages earned.

2. Upon information and belief, Defendants have failed to keep proper records tracking Plaintiffs' time worked and wages paid.

3. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiffs' FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiffs reside in, are domiciled in, and are or were employed by Defendants in this judicial district.

8. Within the relevant period of time, Plaintiffs work or worked at Defendants' Villa Park Illinois restaurant location.

9. During the course of employment, Plaintiffs were involved in interstate commerce and were each an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

### Defendants

10. Defendant Sayulita, Inc., d/b/a Las Islas Marias is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Sayulita, Inc., d/b/a Las Islas Marias has had two or more employees involved in interstate commerce.

12. Defendant Sayulita, Inc., d/b/a Las Islas Marias was or is Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Andres E. Mendivil is the President of Sayulita, Inc., d/b/a Las Islas Marias and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Andres E. Mendivil was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Andres E. Mendivil resides and is domiciled in this judicial district.

### FACTS

16. Plaintiffs worked for Defendants as waitresses at Defendants' Villa Park, Illinois restaurant location.

17. Plaintiffs worked over forty (40) hours or more as directed by Defendants, but were not paid proper wages for time worked in excess of forty (40) hours.

18. Defendants paid Plaintiffs by check.

19. Defendants improperly deducted and kept $75.00 per week from each Plaintiff's earned tips.

20. Defendants did not keep proper records of hours Plaintiff worked.

21. Defendants did not keep proper records of tips deducted and kept from each Plaintiff.

22. Neither Plaintiff nor the class members were exempt from the overtime provisions of the FLSA, the IMWL, or the IWPCA.

23. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

24. Upon information and belief, Defendants willfully, and with reckless disregard for federal and state law, premeditated what compensation will be paid to class members, based on whether they were undocumented persons or United States citizens.

## CLASS AND COLLECTIVE ALLEGATIONS

25. Plaintiffs bring Count I of this Complaint as a collective action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(c).

26. Plaintiffs will seek to certify, as a class action pursuant to Fed. R. Civ. P. Rule 23, the state law claims for Illinois-mandated overtime wages arising under the IMWL and for earned wages arising under the IWPCA. Plaintiffs will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

27. Plaintiffs bring Count II, and III of this Complaint as a class action pursuant to Fed. R. Civ. P. Rule 23 because:

   A. The class of current and former employees of Defendants that Plaintiffs seeks to represent is so numerous that joinder of all class members is impracticable. While the

precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that Defendants employed more individuals in Illinois during the IMWL and the IWPCA Class Periods.

B. The class representatives and the class members have been equally affected by Defendants' failure to pay proper overtime wages.

C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

 i. Whether Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

 ii. Whether Defendants failed to pay Plaintiffs and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period.

E. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is an appropriate method

    for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

  F. The Defendants' books and records are material to Plaintiffs' action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

  G. Defendants violated the IMWL, IWPCA, and the FLSA by refusing to compensate Plaintiffs and the members of the class in a manner consistent with the overtime provisions of these laws.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

### COUNT I
### VIOLATION OF THE FLSA
### (overtime wages)

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

31. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay

overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT II
### VIOLATION OF THE IMWL
### (overtime wages)

34. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

37. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

38. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendant's violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

42. The Class that Plaintiffs seek to represent is regards to their IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants since April, 2011 and not properly compensated their overtime wages during that period.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III
## VIOLATION OF THE IWPCA

43. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiffs all wages earned during all time worked for Defendant at the rate agreed to by the parties.

45. During the course of their employment with Defendant, Plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

46. Defendant did not pay Plaintiffs and other similarly situated employees for all hours worked at the rates agreed to by the parties.

47. Plaintiffs were entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

48. Plaintiffs and other similarly situated employees are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

49. Defendants' failure to pay Plaintiffs for all time worked violated the IWPCA.

50. The Class that Plaintiffs seek to represent in regard to the IWPCA claims against Defendants is composed of and defined as all persons who have been employed by Defendant since January, 2004 and not properly compensated for all their earned wages at the rate agreed to by the parties.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of all unpaid wages due to Plaintiff and the Class as provided by the IWPCA;

C.  Award Statutory damages as provided for by the IWPCA;

D.  Declare that Defendants have violated the IWPCA;

E.  Enjoin Defendants from violating the IWPCA;

F.  Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.  Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By: _____
    Valentin Narvaez, Esq.

**CONSUMER LAW GROUP, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
PHONE: 312-878-1302
FAX: 888-270-8983
EMAIL: vnarvaez@yourclg.com